UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DWAYNE BROWN (#96518)**

**VERSUS**

**DARRYL VANNOY**

CIVIL ACTION

NO. 15-625-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 4, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWAYNE BROWN (#96518)

VERSUS

DARRYL VANNOY

CIVIL ACTION

NO. 15-625-JJB-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* plaintiff, an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Darryl Vannoy complaining that his constitutional rights were violated when he was denied good time credits.  He prays for compensatory damages.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff vaguely alleges, in his Complaint as amended, that he is eligible to earn good time credits and the procedure used to deny him good time credits was unconstitutional. The plaintiff's claim regarding a denial of good time credits must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied good time credits, he has no damages claim against the defendant cognizable under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

The plaintiff's claim falls squarely within the Court's holding in *Heck*. The plaintiff's damage claim seeks monetary damages for the deprivation of good time credits and directly calls into question the lawfulness of his confinement. Because the permanent deprivation of good

time credits that the plaintiff has earned would essentially increase the plaintiff's period of confinement, a judgment in the plaintiff's favor would necessarily imply that his lengthened period of confinement is invalid. *Heck*, 512 U.S. at 487.

The plaintiff failed to show that he has successfully challenged the deprivation of his good time credits in any other proceeding. The plaintiff offered no proof that the denial of good time credits has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. In fact, the plaintiff alleges that on June 5, 2015 the Louisiana Court of Appeal, First Circuit, remanded his state court proceeding back to the Trial Court for further proceedings. Therefore, the plaintiff's claim is not cognizable under § 1983 at this time. The plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

*Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the unconstitutional imprisonment has been invalidated; accordingly, the § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir.1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). It is clear that the plaintiff's claims have no arguable basis in fact or in law, and the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)[1], and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendant consistent with the facts alleged in his Complaint.

Signed in Baton Rouge, Louisiana, on December 4, 2015.

*[signature]*

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."